PEOPLE, PLAINTIFF AND APPELLEE, *v.* VALLE, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecution for Burglary.

No. 1636.—Decided June 2, 1921.

EVIDENCE.—Testimony of a policeman stating the conclusions reached by him as a result of an investigation made by him is not admissible in evidence. The policeman must testify regarding the facts known to him and it is the province of the jury to reach the conclusions.

ID.—ADMISSION OF GUILT.—In order that an admission of guilt by a defendant may be used against him the admission must have been voluntary.

The facts are stated in the opinion.

*Mr. J. Valldejuli Rodríguez* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Manuel Valle was charged with having committed the

crime of burglary in the first degree in that, on or about
the 26th of November, 1919, in the night-time, he entered the
store of Yumet & Co. in Aguadilla, P. R., with the intent to
commit larceny. He was tried and a jury found him guilty.
The court sentenced him to one year in the penitentiary and
he appealed to this court.

The appellant maintains in his brief that the court com-
mitted several errors, the first being in "having admitted
the hearsay testimony of Eugenio Ducós."

According to the record the testimony of Ducós was as
follows:

"On examination by the district attorney this witness said: That
his name is as stated; that he is an insular policeman in Aguadilla;
that he knows the accused; that he investigated a matter of some
cigarettes and cans of beef which the defendant had sold; that he
knows this by information; that he was informed that a crime had
been committed and proceeded to investigate.

"The attorney for the defense moved to strike out this testi-
mony because the witness has knowledge of the matter by investiga-
tion or information and therefore is not competent to testify about
the facts, for only witnesses with personal knowledge can so testify.

"Judge: The materiality or immateriality of the facts can be
judged only after the testimony is given and the defendant's mo-
tion is overruled.

"Counsel for the defendant excepted.

"The district attorney continues the examination and the wit-
ness further testifies: That he had information that a theft had
been committed. Did you speak to the defendant?—Yes, sir, and
he said that he had sold some cigarettes to one Cancio; I had knowl-
edge that a theft had been committed. Whom did you suspect?—
This individual. Milán and I captured him and he himself told
us that he had sold some cigarettes.

"Attorney: I object.

"Judge: You must indicate the manner in which this statement
was made; whether it was made freely and spontaneously.

"District attorney: Did you coerce this individual; did you
threaten to beat him in order to make him explain?—No, sir, he
did so voluntarily in the presence of some persons, among them Mr.

Yumet, though I do not recollect exactly; we ascertained that he had sold some cigarettes and some canned goods.

"Attorney: I object.

"Judge: Admitted.

"The defense excepted.

"I had information that he had sold some 'Casino' cigarettes and some cans of beef and we questioned him.

"Attorney for the defendant: I object; he says that he had information that those things had been stolen; that is hearsay evidence and I move to strike it from the record.

"Judge: It is the result of the investigation.

"Attorney for the defendant: I except.

"The district attorney continued the examination: What did you do after that?—We arrested this individual. He told me that on several occasions he had entered the store of Yumet from the rear and had taken away some packages of cigarettes; some months ago.

"Judge: Is he in jail?—On that day he was not in jail. On that night he was in Tamarindo Square. Did you speak to him?—Yes, sir, and he replied voluntarily; I only told him that I had knowledge that he had sold some cigarettes to Cancio and then he said it was true. Did you warn him that whatever he said might be used against him?—Yes, sir.

"Attorney for the defendant: I move the court to strike from the record and consider as not given the last part of the testimony of witness Eugenio Ducós, because I understand that it was not the result of a judicial investigation. Second, because I understand that a policeman is not an officer authorized to make investigations unless ordered to do so by a court or a competent officer. Third, because I understand that in questioning the defendant the witness did not do so according to law, thus prejudicing the defendant in his personal liberty.

"Judge: Overruled.

"Attorney: I except.

"On cross-examination by the defense the witness answered that de did not see the defendant enter the store of Yumet and does not remember the date."

In our opinion the defendant is essentially right and the error committed was so prejudicial to him by reason of the

decisive influence that it may have had on the jury that the judgment appealed from must be reversed.

We agree that a policeman who has been informed of the commission of a crime may and should take immediate steps to discover the author of the crime, and we also agree that if by virtue of the facts brought to light he has reason to suspicion some person as its author and that person voluntarily makes to him statements in regard to his connection with the act, at the trial of the said person such voluntary admissions are admissible in evidence; but we can not agree that the policeman should be allowed to testify as he did in this case, notwithstanding the repeated objections of the defendant, that "he investigated a matter of some cigarettes and cans of beef *which the defendant had sold; that he knows this by information;* that *he suspected* this individual (the defendant); that we ascertained that he had sold some cigarettes and some canned goods; that *I had information that he had sold* some 'Casino' cigarettes and some cans of beef,'' and that the judge should admit all of these statements and hold that the witness could make them because they were the result of an investigation made by him.

The jury should not form its opinion from the conclusions of a policeman as a result of an investigation. The jury and not the policeman can find the defendant guilty. How? On the evidence examined in accordance with the law.

It would be clearly against the nature of things to hold that the policeman did not act on conclusions which he arrived at for himself; but it is not these conclusions that he should disclose to the jury. He should testify to the facts from which they may have been derived so that the jury may form its own opinion independently.

Furthermore, the manner in which evidence so important and decisive as the admission by the accused of his own guilt, as contained in the policeman's testimony, was offered

and admitted is so informal that we can not overlook this fact.

The district attorneys are lawyers who should know the criminal law to a high degree of perfection and they should be the first to respect the rights of persons accused of crime. When this attitude is followed strictly and firmly by them a great moral prestige and an authority which has its own influence are the results thereof. Questions should not be put to a policeman like that in this case, "Whom did you suspect?" And an admission should not be admitted in evidence without a showing that it was really voluntary.

By virtue of all the foregoing, the judgment appealed from must be reversed and the case will be remanded to the district court of its origin for a new trial.

Having reached this conclusion, it becomes unnecessary to examine the other errors assigned, although it is well to say here that, having considered them, we are convinced that none of them would justify the discharge of the defendant.

*Reversed and remanded.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.